### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| MICHAEL STUART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WARREN COUNTY SHERIFF'S | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

Case No. 4:22-CV-309 JAR

### MEMORANDUM AND ORDER

Self-represented Plaintiff Michael Stuart brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Given that Plaintiff is proceeding *in forma pauperis*, the Court has reviewed his complaint under 28 U.S.C. § 1915(e)(2), as discussed below. The Court will direct Plaintiff to file an amended complaint on the court-provided form in compliance with the instructions herein. Finally, Plaintiff has also filed a motion for appointment of counsel. ECF No. 3. As there is no constitutional right to appointment of counsel in civil cases and it would be premature to grant appointment at this stage in the proceeding, the Court will deny Plaintiff's motion for counsel, subject to refiling at a later date. The Court warns Plaintiff that his failure to comply with this Order could result in dismissal of this action.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is a pretrial detainee at Warren County Jail. ECF No. 1 at 2. In his signed and sworn motion to proceed without prepayment of fees and costs, Plaintiff states that he is not employed, has no income, and has received no money in the past twelve months. ECF No. 2. On April 4, 2022, the Court received a letter from Plaintiff indicating that he has attempted to obtain a six-month inmate account statement from the Jail but he has been unable to do so. ECF No. 4. Based on the financial information Plaintiff has submitted, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

- 3 -

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights against three defendants: (1) Warren County Sheriff's Department; (2) Eric Schleuter (jail administrator); and (3) Kristy Poe (jail nurse). ECF No. 1 at 1-3. Plaintiff sues Schleuter in his official capacity only, and Poe in both her official and individual capacities. *Id.*

Plaintiff alleges that defendants have violated his due process rights, his Eighth Amendment right to be free of cruel and unusual punishment, and his "right to receive medical care." *Id.* at 4. Plaintiff states that he has "ongoing serious medical conditions" that require "consistent, ongoing treatment" including type II diabetes and other conditions associated with diabetes, like neuropathy. According to Plaintiff, he has made "several" requests for medical attention and services regarding his diabetes, while being held at Warren County Jail. He reports that his requests have been "ignored and not acted upon by the jail nurse." He states that his requests through both the Jail "medical request system" and the "grievance system" have been "un-answered or acted upon." Plaintiff alleges that he has made the nurse aware of his serious medical condition and she has "failed to act on this information and offer care" to help with Plaintiff's pain and suffering. Plaintiff asserts that he has also tried to communicate with the "jail admin" but that his requests were ignored. *Id.*

Plaintiff states that due to a "lack of care" associated with his diabetes, his eyesight "is getting worse" and the nerve damage from his neuropathy is causing him pain and suffering "constantly." *Id.* For relief, Plaintiff asks that the Court order the Jail "to allow [him] treatment by a medical doctor" and that they "implement a system within the jail for detainees [to] be screened for medical problems and treated if/when requested." *Id.* at 5. Finally, Plaintiff also requests a "doctor specializing in diabetes care." *Id.*

## Plaintiff's Pending State Court Matter

Plaintiff does not provide any information on his currently pending state court charges. However, independent review on Missouri Case.net, the State of Missouri's online docketing system,[1] shows that criminal defendant "Michael William Stuart" is facing a charge of first-degree harassment in Warren County, Missouri. *See State v. Stuart*, No. 21BB-CR00612-01 (12th Jud. Cir. filed Oct. 14, 2021). According to state court records, defendant Stuart is being held at Warren County Jail on bond. Relevant here, Plaintiff's attorney filed a motion for bond reduction in his case on February 14, 2022, which states in part: "Defendant is incarcerated in county jail for last 7 months, and cannot make any bond. ... Defendant has been sent to hospital 5 times since being incarcerated due to his Diabetic condition."

## Discussion

Based on a careful review and liberal construction of the filings before the Court, Plaintiff has not adequately alleged claims to withstand review under 28 U.S.C. § 1915(e)(2). Because Plaintiff is self-represented and has presented serious allegations to the Court, he will be allowed to amend his complaint in accordance with the instructions set forth below. Plaintiff should consider the following legal issues in filing in his amended complaint.

## I. Deliberate Indifference Pleading Requirements

The Fourteenth Amendment's Due Process Clause is used to evaluate pretrial detainee's claims of deliberate indifference, whereas the Eighth Amendment is used to evaluate claims of convicted prisoners. *See Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). However, this distinction "makes little difference as a

---

[1] The Court takes judicial notice of these public state records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district courts may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 761 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

practical matter," because the same standard is applied. *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007) ("Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment."); *see also Vaughn v. Greene County*, 438 F.3d 845, 850 (8th Cir. 2006) ("Although this court has yet to establish a clear standard [for medical mistreatment] for pretrial detainees, we repeatedly have applied the same 'deliberate indifference' standard as is applied to Eighth Amendment claims made by convicted inmates."); *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004) (applying the Eighth Amendment deliberate indifference analysis to a pretrial detainee's Fourteenth Amendment claim).

The Eighth Amendment prohibits cruel and unusual punishment, and limits conditions of confinement. *Robinson v. California*, 370 U.S. 660 (1962); *Rhodes v. Chapman*, 452 U.S. 337 (1981). The Supreme Court has explained this limit as a prohibition on punishments that "involve the unnecessary and wanton infliction of pain" including those that are "totally without penological justification." *Rhodes*, 452 U.S. at 346 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 183 (1976)).

A jail official's intentional denial of, or delayed access to, medical care for a prisoner's serious injury constitutes unnecessary and wanton infliction of pain, giving rise to a claim of deliberate indifference to that prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To prevail on a deliberate indifference claim, a plaintiff must prove that he suffered from an objectively serious medical need, and that defendants actually knew of and deliberately disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). A "serious medical need" is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily

recognize the necessity for a doctor's attention." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (quoted case omitted).

"[D]eliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017) (quoted case omitted). An inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014) (quoted case omitted). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Nor will a prisoner's "mere disagreement with treatment decisions" support a claim of deliberate indifference. *Jones v. Minn. Dep't of Corr.*, 512 F.3d 478, 482 (8th Cir. 2008).

Plaintiff's complaint does satisfy the first requirement for pleading a deliberate indifference claim, as diabetes is an objectively serious medical need. *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999) (discussing diabetes as a serious medical need as required for a claim of deliberate indifference). However, the allegations of the complaint are not clear on the second requirement – who knew of this need and deliberately disregarded it. Plaintiff alleges that he has been denied medical care and treatment for his type II diabetes and related medical conditions; however, he does not specify what care he has been denied and who specifically denied him of the care. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). Plaintiff alleges that his requests for consistent, ongoing treatment of his diabetes have been ignored and not responded to, and that as a result, he has

- 7 -

experienced pain, suffering, and worsening eyesight.  Plaintiff needs to specify exactly what treatment was requested and denied, and who denied the request.

Furthermore, to the extent that Plaintiff attempts to assert a deliberate indifference claim against jail administrator Schleuter, Plaintiff should be aware that he cannot hold Schleuter liable simply because he held a supervisory or administrative position. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims sounding in respondeat superior are not cognizable under § 1983). "A supervisor may not be held liable under § 1983 for the constitutional violations of a subordinate on a respondeat superior theory." *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001).  A plaintiff may, under a theory of direct liability, maintain a civil rights claim against a prison official whose failure to train, supervise, direct, or control actions of a subordinate is such that it constitutes deliberate indifference to plaintiff's serious medical needs. *Moyers v. Buescher*, 806 F.Supp. 218, 220 (E.D. Mo. 1992).  "[A] supervisor's liability arises if: 'he directly participates in a constitutional violation or if a failure to properly supervise and train the offending employee caused a deprivation of constitutional rights.'" *Tlamka*, 244 F.3d at 635 (quoting *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996) (citations omitted)); *see also Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997).

Diabetes is a serious medical need and state records suggest that Plaintiff has required care for his diabetes while being held at the Warren County Jail.  However, as mentioned above, it is not enough to state a claim of deliberate indifference when a prisoner disagrees with a treatment decision or when just negligent care is provided.  Plaintiff must provide additional details in his amended complaint as to what medical care and treatment has been deliberately denied and by whom, in order for this claim to survive initial review.

## II.    Defendant Warren County Sheriff's Department

Even if Plaintiff's complaint allegations were sufficient to state a claim of deliberately indifferent medical care, his claims against defendant Warren County Sheriff's Department would still be subject to dismissal.  First, Plaintiff lists the Sheriff Department in the caption of his complaint but he never states any allegations of wrongdoing against it in his complaint.  *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of self-represented complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them).  Second, sheriff departments are not suable entities under 42 U.S.C. § 1983.  *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (holding that neither county jail nor sheriff's department is a suable entity under § 1983); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (holding that departments or subdivisions of local government are "not juridical entities suable as such" under § 1983).  Therefore, when Plaintiff files his amended complaint in this matter, he should not include Warren County Sheriff's Department as a named defendant because it is not suable under § 1983.

### III.    Amendment Instructions

The Court will allow Plaintiff to file an amended complaint clarifying his allegations. Plaintiff must provide detailed allegations as to what medical care he has requested, who he made the request to, and who denied him the care.  Plaintiff is advised that the filing of an amended complaint **completely replaces** the original complaint and all supplements, and so it must include all claims Plaintiff wishes to bring.  *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").  Any claims from the original complaint or any supplements that are not included in the amended complaint will be

deemed abandoned and will not be considered. *Id.* Plaintiff must type or neatly print the amended complaint on the Court-provided prisoner civil rights complaint form, and the amended complaint must comply with the Federal Rules of Civil Procedure. *See* E.D. Mo. L.R. 2.06(A).

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even self-represented litigants are obligated to abide by the Federal Rules of Civil Procedure and to plead specific facts as to each named defendant. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Plaintiff is required to set out his alleged claims in a simple, concise, and direct manner, and also the facts supporting his claims as to each named defendant. *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances). Plaintiff should fill out the complaint form in its entirety.

In the "Caption" section of the complaint form, Plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, Plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim(s).

In the "Statement of Claim" section, Plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, Plaintiff should write the specific facts supporting his claim or claims against that defendant. If Plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual

- 10 -

defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant.  Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).  Alternatively, Plaintiff may choose a single defendant, and set forth as many claims as he has against him or her.  *See* Fed. R. Civ. P. 18(a).  Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal.  Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If Plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him.  *See Madewell*, 909 F.2d at 1208.  It is not enough for Plaintiff to refer to a group of defendants and make general allegations against them.  Instead, Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

If Plaintiff fails to file an amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to Plaintiff.

**Appointment of Counsel**

Finally, Plaintiff has filed a motion for appointment of counsel. ECF No. 3. The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Once a plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law. Further, the request for counsel is premature, as defendants have not yet been served, and the Court has not issued any Case Management Order. The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to Plaintiff at this time, and will deny Plaintiff's motion for appointment of counsel, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.00 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a blank copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order, Plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. §1915.

**IT IS FINALLY ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED without prejudice.**

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 25ʰ day of May, 2022.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

- 13 -